J-S06030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
                               :
         v.                      :
                               :
                               :
ANDREW BOODOO                    :
                               :
           Appellant          :     No. 950 EDA 2018

Appeal from the Judgment of Sentence March 1, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009940-2016

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                  **FILED MAY 21, 2019**

Appellant, Andrew Boodoo, appeals from the Judgment of Sentence of six to twelve years of incarceration followed by five years of probation, entered March 1, 2018, following his open guilty plea to Criminal Attempt (Murder), Firearms Not to be Carried without a License, and Carrying Firearms on Public Streets or Public Property in Philadelphia.[1]  Appointed counsel, James Lloyd, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  We affirm the Judgment of Sentence and grant counsel's Application to Withdraw as Counsel.

On May 22, 2016, while a passenger in a black Nissan, Appellant drove to the one hundred block of East Wishart Street in Philadelphia.  N.T. Guilty

---

[1] ***See*** 18 Pa.C.S. §§ 901(a) (Murder, 18 Pa.C.S. § 2502), 6106(a)(1), 6108, respectively

Plea, 12/11/17, at 11. Appellant leaned out of the vehicle, drew a firearm, and fired several shots at the victim, Dana McKleany. *Id.*[2] Thereafter, police arrested Appellant, charged him, and he pleaded guilty. *Id.* at 11-13.

Following a pre-sentence investigation, the trial court sentenced Appellant as stated above. N.T. Sentencing, 3/11/18, at 21-22. Appellant did not file a post-sentence motion, nor did he otherwise challenge the validity of his plea or the discretionary aspects of his sentence.

Appellant timely filed a Notice of Appeal. The trial court granted former counsel, Carmen Nasuti, Esq., leave to withdraw and appointed current counsel for appellate purposes. Trial Ct. Order, 3/28/18. Thereafter, counsel filed a Statement indicating his intent to file an *Anders* brief. *See* Pa.R.A.P. 1925(c)(4). The trial court did not file an opinion in response.

In this Court, counsel has filed an *Anders* Brief purporting to challenge discretionary aspects of Appellant's sentence and the validity of his plea. *Anders* Br. at 6. In addition, counsel has filed an Application to Withdraw as Counsel.

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal

---

[2] The Notes of Testimony contain a stenographical error, suggesting the victim's name is "Damon McClinning." *Id.*; *see* Information, 10/27/16 (providing victim's proper name).

under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

In addition, counsel must provide a copy of the **Anders** brief to his client. "Attending the brief must be a letter that advises the client of his right to: '(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.'" **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007).

Counsel has complied with the requirements of **Anders** as articulated in **Santiago**. Namely, he includes a summary of the relevant factual and procedural history; he refers to the portions of the record that could arguably support Appellant's claims; and he sets forth his conclusion that Appellant's

- 3 -

appeal is frivolous.[3]  He explains his reasoning and supports his rationale with citations to the record as well as pertinent legal authority.  Counsel has supplied Appellant with a copy of his *Anders* Brief and a letter explaining the rights enumerated in *Nischan*.  *See* Application to Withdraw, Exh. A, (Letter, dated August 31, 2018).  Accordingly, counsel has complied with the technical requirements for withdrawal.[4]

Having addressed counsel's technical compliance with *Anders*, we will address the substantive issues raised by counsel.  In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated."  *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In his first issue, Appellant purports to challenge discretionary aspects of his sentence.  *See Anders* Br. at 20 (suggesting Appellant's sentence is "manifestly excessive").

_____

[3] In his Brief, counsel does not conclude specifically that Appellant's appeal is "frivolous."  *See generally Anders* Br.  Rather, counsel states that Appellant's "claim[s] cannot be ethically advanced in this direct appeal." *Anders* Br. at 20, 24; *but see* Application to Withdraw at ¶¶ 5 ("[A]ll possible issues to be raised in this direct appeal [are] frivolous."), 7 ("I ultimately determined [Appellant's issues] to be frivolous under controlling law in light of the existing record.").  In light of counsel's otherwise strictly compliant Brief, which demonstrates a comprehensive understanding of the record and controlling law, we deem counsel's *Anders* Brief compliant.

[4] Appellant has offered no response to counsel's *Anders* Brief.

A challenge to discretionary aspects of a sentence is not reviewable as a matter of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant must invoke this Court's jurisdiction by, *inter alia*, preserving a challenge at sentencing or in a post-sentence motion. ***Id.*** "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013).

Here, Appellant did not preserve this challenge at his sentencing hearing or thereafter in a post-sentence motion. Accordingly, he has waived any challenge to discretionary aspects of his sentence. ***See Leatherby***, ***supra***; ***Griffin***, ***supra***.

In his second issue, Appellant purports to challenge the validity of his plea. ***Anders*** Br. at 24.

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citing Pa.R.Crim.P. 720). Failure to do so results in waiver. ***Id.***; ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006). "Moreover, a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 469 (Pa. Super. 2017) (quotation marks and citation omitted; emphasis removed).

Here, Appellant did not preserve this challenge at his plea colloquy or thereafter by motion. Accordingly, he has waived any challenge to the voluntariness of his plea. *See Lincoln*, *supra*; *Monjaras-Amaya*, *supra*.

Appellant has waived both issues he purports to raise on appeal. "An issue that is waived is frivolous." *Commonwealth v. Tukhi*, 149 A.3d 881, 888–89 (Pa. Super. 2016); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) ("Having been waived, pursuing this matter on direct appeal is frivolous.").

Following our review of the issues purportedly raised by Appellant in counsel's *Anders* Brief, we agree with counsel and conclude that this appeal is wholly frivolous. In addition, following an independent review of the record, we discern no arguably meritorious issues that warrant further consideration. *See Dempster*, *supra* at 272. Accordingly, we grant counsel's Application to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Application to Withdraw as Counsel granted; Judgment of Sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/19

- 6 -